1  HEATHER E. WILLIAMS, SBN #122664
   Federal Defender
2  JEROME PRICE, SBN # 282400
   Assistant Federal Defender
3  Designated Counsel for Service
   801 I Street, 3rd Floor
4  Sacramento, CA 95814
   Telephone: (916) 498-5700
5  Fax: (916) 498-5710

6  Attorneys for Defendant
   BRENDA VILLA

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,        )  Case No.  2:22-cr-00245-WBS
                                    )
12              Plaintiff,          )  **STIPULATION AND ORDER FOR BRENDA**
                                    )  **VILLA TO REMAIN ON RELEASE**
13 vs.                              )  **PENDING APPEAL**
                                    )
14 BRENDA VILLA,                    )
                                    )  Judge: Hon. William B. Shubb
15              Defendant.          )
                                    )
16 _____      )

17         IT IS HEREBY STIPULATED by and between Phillip A. Talbert, United States

18 Attorney, through Rosanne Rust, Assistant United States Attorney, counsel for Plaintiff, and

19 Heather Williams, Federal Defender, through Assistant Federal Defender Jerome Price, counsel

20 for Defendant Brenda Villa, that Defendant Brenda Villa may remain on release status under her

21 previously-ordered release conditions pending the resolution of her appeal filed in the Ninth

22 Circuit Court of Appeals.

23         Defendants who have been sentenced to a term of imprisonment and are pursuing an

24 appeal may be granted release pending that appeal pursuant to 18 U.S.C. § 3143(b).  To grant

25 such a motion, the Court needs to find by clear and convincing evidence that the defendant is not

26 likely to flee or pose a danger to the safety of the community.  §3143(b)(1)(A).  Further, the

27 Court needs to find that the appeal is not for delay and raises a substantial question of law or fact

28

likely to result in a reversal, new trial, or a sentence that does not include a term of imprisonment. *Id.* The Ninth Circuit has held that the phrase "substantial question likely to result in reversal or an order for a new trial" does not require the defendant to prove that they will probably prevail on appeal. *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985). Rather, "substantial" merely defines the "level of merit" required in the question presented, while the phrase "likely to result in reversal or an order for a new trial" defines the "type of question" that must be presented." *Id.* The Ninth Circuit has defined a "substantial question" as one that is "fairly debatable." *Id.* at 1283.

The parties, through this stipulation, stipulate that Ms. Villa is not likely to flee or pose a danger to the safety of the community. Ms. Villa has not been found in violation of her release conditions throughout her period of supervision. She has made every required court appearance in this case, including two jury trials and her sentencing hearing. Ms. Villa has also not conducted herself during the pendency of the case in a way that would indicate that she currently poses a danger.

Further, the parties stipulate that the appeal is not filed for the purpose of delay and that Ms. Villa seeks to raise substantial questions of law or fact. For example, Ms. Villa plans to challenge the admission of statements at trial from a non-testifying declarant under the co-conspirator exception to the hearsay rule. This type of question is substantial in that it is fairly debatable and a favorable decision on the question may result in a new trial.

Ms. Villa was sentenced to a term of imprisonment for 6 months. She was given a self-report date of April 29, 2024. The parties acknowledge it would be unlikely to fully brief the issues Ms. Villa plans to raise resulting from two jury trials, have oral argument, and obtain a decision from the Ninth Circuit before Ms. Villa would have served her entire sentence, even under an accelerated briefing schedule. Nevertheless, the parties will endeavor to move through the next phase of litigation in the Ninth Circuit as quickly and efficiently as possible.

Accordingly, the parties stipulate that Ms. Villa may remain out-of-custody until her appeal resolves.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: April 8, 2024          */s/ Jerome Price*
                             JEROME PRICE
                             Assistant Federal Defender
                             Attorneys for Defendant
                             BRENDA VILLA

Date: April 8, 2024          PHILLIP A. TALBERT
                             United States Attorney

                             */s/ Rosanne Rust*
                             ROSANNE RUST
                             Assistant U.S. Attorney
                             Attorney for Plaintiff

## **ORDER**

IT IS HEREBY ORDERED, the Court, having received and considered the parties'
stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as
its order.  Defendant Brenda Villa will remain on pretrial release under her previously-ordered
conditions of release until further order of this Court.  Her surrender date of April 29, 2024, is
hereby vacated.

**IT IS SO ORDERED.**

Dated:  April 9, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE